UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOTHIRATHNAM PADMANABHAN,

         Plaintiff,

v.

KIRSTEN GILLIBRAND,

         Defendants.

Civil Action No. 23cv1369 (JMC)

## MEMORANDUM OPINION

Plaintiff Jothirathnam Padmanabhan, proceeding pro se, filed a civil Complaint against United States Senator Kirsten Gillibrand.[1] Mr. Padmanabhan advances various claims that Senator Gillibrand provided material support to terrorists in violation of 18 U.S.C. § 2339A. For the reasons described below, the Court DISMISSES the Complaint and this action sua sponte.

It is well-settled that "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, [or] obviously frivolous . . . ." *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974). A complaint will be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) when it is "'patently insubstantial,' presenting no federal question suitable for decision." *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 n.6 (1989)). Claims are patently insubstantial if they are "essentially fictitious," for example, advancing "bizarre conspiracy theories," "fantastic government manipulations of [one's] will or mind," or

---

[1] Unless otherwise indicated, the formatting of quoted materials has been modified throughout this opinion, for example, by omitting internal quotation marks and citations, and by incorporating emphases, changes to capitalization, and other bracketed alterations therein. All pincites to documents filed on the docket are to the automatically generated ECF Page ID number that appears at the top of each page.

some type of "supernatural intervention." *Id.* In such cases, a district court may dismiss the case sua sponte. *See Lewis v. Bayh*, 577 F. Supp. 2d 47, 54 (D.D.C. 2008).

Here, Mr. Padmanabhan's Complaint rests on the kind of fantastic and delusional claims that warrant dismissal sua sponte. Mr. Padmanabhan repeatedly alleges that Senator Gillibrand— or at least her office—provided material support for terrorism. The Complaint alleges that Senator Gillibrand "influenced the policy of a government against" Mr. Padmanabhan personally, ECF 1 at 5 ¶ 3, as well as engaged in bribery, *id.* at 6 ¶ 4, provided "expert advice" to a surveillance scheme involving "[f]oreign police," *id.* at 6 ¶ 6, and ignored his reports of a murder, *id.* at 6–7 ¶ 8. Further divorcing the Complaint from reality is the fact that it is not clear what specific act of terrorism Mr. Padmanabhan believes to have occurred, or what connection exists between that terrorist act and Mr. Padmanabhan. Nor does the Complaint describe any legible connection between any terrorist act and Senator Gillibrand. As relief, Mr. Padmanabhan seeks, amongst other things, 180 million dollars in damages. *See* ECF 1-1 at 2. These are precisely the kind of "fanciful" allegations that do not state a substantial federal question. *See Neitzke*, 490 U.S. at 325; *see also Crisafi v. Holland*, 655 F.2d 1305, 1307–08 (D.C. Cir. 1981) ("A court may dismiss as frivolous complaints . . . postulating events and circumstances of a wholly fanciful kind.").

Accordingly, upon sua sponte review, this action is dismissed.

**SO ORDERED.**

DATE: June 26, 2023

_____<br>
Jia M. Cobb<br>
U.S. District Court Judge